| | | |
|---|---|---|
| GARY ALAN MONTGOMERY, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 3:26-cv-76 |
| | ) | |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| SUSAN HOWE, MARY JO LABARGE, | ) | |
| JULIA GREGG, and RICHARD | ) | |
| SCHUMPERT, | ) | Magistrate Judge Jill E. McCook |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM & ORDER

Plaintiff, a former Tennessee Department of Correction ("TDOC") prisoner, filed a *pro se* complaint for violation of 42 U.S.C. § 1983 challenging a restriction on prisoner use of library equipment in the Morgan County Correctional Complex ("MCCX") (Doc. 1), a motion for leave to proceed *in forma pauperis* (Doc. 6), a motion to certify class (Doc. 2), and a motion for injunctive relief (Doc. 3). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6) will be **GRANTED**, his motions to certify class, to appoint counsel, and for injunctive relief (Docs. 2, 3) will be **DENIED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I.      PLAINTIFF'S MOTIONS

### A.      Motion for Leave to Proceed *In Forma Pauperis*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6) demonstrates that he cannot pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

**B. Motion to Certify Class and Appoint Counsel**

**1. Class Certification**

Plaintiff requests that the Court certify this proceeding as a class action, with himself as class representative[1] and appointment of counsel to represent the class (Doc. 2, at 1–2). But for the reasons set forth below, the Court finds that the complaint fails to state a claim upon which relief may be granted under § 1983. Accordingly, the Court will deny Plaintiff's request for class certification.

**2. Appointment of Counsel**

Plaintiff also asks the Court to appoint counsel "for the class" (*id.* at 2). But as set forth above, the Court has now declined class certification.

---

[1] While Plaintiff refers to the proposed class as inmates seeking medical and dental care (Doc. 2, at 1), as set forth above, the claims in Plaintiff's complaint herein relate to prisoner access to library equipment (Doc. 1). Nevertheless, the Court addresses the motion under the presumption that Plaintiff proposes a class of prisoners denied access to library equipment in accordance with the allegations of the complaint.

2

The Court further notes that "[a]ppointment of counsel in a civil case is not a constitutional right[,]" but a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993) (citation modified). In determining whether "exceptional circumstances" exist, the Court considers "the complexity of the case and the ability of the plaintiff to represent himself." *Cavin v. Michigan Department of Corrections*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606). Plaintiff, who has filed approximately a dozen civil actions in federal court,[2] is capable of adequately litigating his claims regarding prisoner access to library equipment access, which are not legally or factually complex. Accordingly, the Court will deny Plaintiff's request for appointment of counsel (Doc. 2).

### C. Motion for Injunctive Relief

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff seeks "an injunction against Defendants and their employer, [TDOC], to cease their intentional violations of the Sixth Amendment right of the United States Constitution to access the courts freely and to allow use of the law library and its office machinery to be able to address grievances. . . , and to be allowed to assist other inmates with their legal filings" (Doc. 3, at 1). Because Plaintiff filed the instant motion before any Defendant has been served, the Court treats it as a motion for a temporary restraining order ("TRO"). *See* Fed. R. Civ. P. 65(b).

---

[2] *See Montgomery v. Gregg*, 3:25-CV-536 (E.D. Tenn.); *Montgomery v. Aramark of Tennessee, LLC et al.*, 3:25-CV-537 (E.D. Tenn.); *Montgomery v. Phillips*, 3:25-CV-538 (E.D. Tenn.); *Montgomery v. Sievers*, 3:25-CV-539 (E.D. Tenn.); *Montgomery v. Phillips*, 3:26-CV-15 (E.D. Tenn.); *Montgomery v. Howe*, 3:26-CV-76 (E.D. Tenn.); *Montgomery v. Hall*, 3:19-CV-1113 (M.D. Tenn.); *Montgomery v. Wellpath Medical*, 3:19-CV-675 (M.D. Tenn.); *Montgomery v. Whidbee*, 3:19-CV-747 (M.D. Tenn.); *Montgomery v. Gentry*, 3:20-CV-406 (M.D. Tenn.); *Montgomery v. Conrad*, 3:21-CV-820 (M.D. Tenn.); *Montgomery v. Smith*, 3:23-CV-275 (M.D. Tenn.); *Montgomery v. Cobble*, 1:25-CV-309 (E.D. Tenn.).

Plaintiff is no longer at MCCX or in TDOC custody (Doc. 8). He is now a pretrial detainee at the Davidson County Downtown Detention Center (*id.*).[3] Plaintiff's release from TDOC custody ended the alleged violation(s) of his constitutional rights for which Defendants could be held responsible, which renders his request for injunctive relief moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (holding inmate's request for injunctive relief mooted upon his transfer from relevant prison). Accordingly, the Court **DENIES** Plaintiff's motion for injunctive relief (Doc. 3).

## II.   COMPLAINT SCREENING

### A.   Standard

District courts must screen prisoner complaints and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim [at screening] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review, a prisoner

---

[3] The Court takes judicial notice that Plaintiff was booked into the Downtown Detention Center on February 24, 2026, and is facing two felony murder charges and two misdemeanor charges for violation of a restraining order. *See* Davidson Cnty. Sheriff's Office, *Active Inmate Search*, https://dcso.nashville.gov/Search/Details/1061097?searchType=Person (last visited June 3, 2026). The Court may take judicial notice of information provided by a public authority. *See Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)).

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe *pro se* pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Allegations**

Plaintiff's complaint is ten handwritten pages that are mostly single spaced (Doc. 1, at 1–10). Three of these pages set forth Plaintiff's descriptions of Defendants' job positions, in which Plaintiff makes conclusory statements regarding Defendants' work responsibilities and actions that (1) are largely more general than and redundant to the substantive allegations in the "further factual background" portion of his complaint and (2) do not contain indicate that the alleged acts had any effect on Plaintiff or any specific prisoner[4] (*id.* at 2–5). Accordingly, for purposes of judicial efficiency, the Court will not summarize the entirety of these job descriptions but instead will include any relevant facts from these job descriptions in its summary of substantive portion of the complaint set forth below. Thus, the general and conclusory allegations in the complaint

---

[4] The Court additionally notes that, to the extent that Plaintiff Montgomery seeks to assert the rights of other prisoners through these allegations, he lacks standing to do so. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional right of other prisoners").

5

descriptions of Defendants (*id.* at 2–5) are **DISMISSED** because they fail to plausibly allege a violation of Defendant Montgomery or any other prisoner's constitutional rights.

In the substantive portion of this complaint, Plaintiff first alleges that after he spoke to the librarian (presumably Defendant Labarge) and the principal (presumably Defendant Gregg) about unspecified "items in [his] grievances," the principal (presumably Defendant Gregg) "ordered even stricter rules on the use of library equipment and the content of the legal writing permitted" (*id.* at 6).

Plaintiff also states that Defendants monitor prisoners using library equipment, interrupt prisoners to inspect their documents, order prisoners to delete documents about cases other than the case for which they are incarcerated, and delete prisoner documents about cases other than the case for which they are incarcerated (*id.*).

Additionally, after Plaintiff requested that all Defendants except Defendant Gregg print two complaints for him, those Defendants printed out the complaints but did not give them to Plaintiff because they did not arise out of the case for which Plaintiff is in prison (*id.* at 6–7). These Defendants specifically stated that they could not give the complaints to Plaintiff because of Defendant Gregg's orders (*id.*). Moreover, according to Plaintiff, a note is left with a night librarian instructing him to limit Plaintiff's use of printing or copying on library equipment in accordance with the restriction on library equipment access to the cases for which the prisoners are confined (*id.* at 7). But another inmate is allowed to use library equipment for the prison's news publication, which Defendant Labarge edits and a prisoner writes (*id.*).

Plaintiff further asserts that Defendants, "MCCX[,] and the library do not provide . . . necessary tools," including "pens, postage[,] and envelopes" to indigent inmates for free (*id.* at 4, 7). According to Plaintiff, prisoners who have compact discs can use the discs to store

6

documents, but prisoners cannot buy a compact disc or get one for free, nor can they save "in-process writings on the computer hard drive" *(id.* at 8). Accordingly, prisoners must complete a document in their one-and-a-half-hour library visit sessions (*id.*).

Based on these allegations, Plaintiff asserts that "MCCX and the library staff are a substa[n]tial hindrance for Plaintiff and all other inmates attempting to have grievances and other legal process heard before the courts or to constitutionally access the courts promptly" (*id.*).

Plaintiff has sued Susan Howe, Mary Jo Labarge, Julia Gregg, and Richard Schumpert in their individual and official capacities (*id.* at 1, 2–5). Plaintiff seeks declaratory, injunctive, and monetary relief (*id.* at 9–10).

### C. Analysis

For the reasons set forth below, the complaint fails to state a plausible claim for § 1983 relief against any Defendant in their individual or official capacities. Accordingly, this action will be **DISMISSED**.

#### 1. Individual-Capacity Claims

##### a. Access to Courts

The majority of Plaintiff's allegations are intended to assert that Defendants hindered his access to the courts through (a) a restriction on prisoner use of MCCX library equipment to the case that resulted in the prisoner's confinement and (b) the failure of MCCX and the library staff, including Defendants, to provide indigent inmates free pens, postage, and envelopes. But Plaintiff does not set forth any facts from which the Court can plausibly infer that the relevant library equipment use restriction or the lack of free pens, postage, and envelopes caused any prejudice to a meritorious legal action and therefore violated his constitutional right of access to the courts, as required to state a plausible claim for violation of his constitutional right to access

7

the courts.[5] *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of adequate legal resources to state a claim for denial of access to courts (citation omitted)).

### b. Retaliation

Plaintiff next alleges that after he spoke to the librarian (presumably Defendant Labarge) and the principal (presumably Defendant Gregg) about unspecified "items in [his] grievances," the principal (presumably Defendant Gregg) "ordered even stricter rules on the use of library equipment and the content of the legal writing permitted" (*id.* at 6). The Court liberally construes these allegations to attempt to assert a claim for retaliation in violation of § 1983.

A claim for retaliation in violation of § 1983 requires Plaintiff to plausibly allege that: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) there is a causal connection between the other two elements; that is, the adverse action was at least partially motivated because of the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)).

While Plaintiff generally alleges that Defendant Labarge enacted stricter rules regarding prisoner use of library equipment for legal filings after he raised concerns from his grievances to her, the only rule regarding library equipment mentioned in the complaint is that prisoners can only use the library equipment for the case for which they are confined. Thus, the context of the complaint only plausibly alleges that Defendant Labarge began more strictly enforcing the

---

[5] The Court additionally notes it is apparent from Plaintiff's numerous legal filings in this District cited above that he had access to adequate supplies to pursue his numerous legal claims.

already existing rule regarding prisoner use of library equipment only for the case for which the prisoner is confined after hearing about the contents of Plaintiff's grievances.

The Court first notes that, for purposes of screening, it assumes Plaintiff's act of filing grievances is protected conduct. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (providing that a prisoner's right to file non-frivolous grievances is protected conduct under the First Amendment). But nothing in the complaint plausibly suggests that Defendant Labarge's decision to more strictly monitor prisoners' use of library equipment was because Plaintiff had filed grievances, rather than, for example, her new knowledge from Plaintiff's grievances that Plaintiff and/or others had been flouting an already existing rule regarding prisoner use of library equipment. Accordingly, Plaintiff does not "nudge[] [this claim] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### c. Equal Protection

As set forth above, Plaintiff also alleges that while his use of library equipment is limited to the case for which his is confined, another inmate is allowed to use library equipment for the prison's news publication, which Defendant Labarge edits (*id.* at 7). The Court liberally construes these allegations to attempt to assert a violation of Plaintiff's equal protection rights.

The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no

9

rational basis.'"  *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).  A plaintiff alleging a violation of his right to equal protection must be similarly situated to the comparative individuals in all relevant respects.  *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (providing that "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it'" (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998))).

It is apparent from the face of the complaint that Plaintiff's use of the MCCX library equipment to draft documents in cases other than the one for which he is incarcerated is substantively different than the comparative prisoner's use of the library equipment to work on a publication for MCCX.  As such, Plaintiff's complaint does not plausibly allege that Plaintiff and the comparative prisoner are similarly situated in a manner that would allow the Court to plausibly infer a violation of Plaintiff's right to equal protection based on the different treatment of them with regard to use of MCCX library equipment.

### 2.    Official-Capacity § 1983 Claims

Plaintiff's official-capacity claims against the individual Defendants are actually claims against these Defendants' employer, namely TDOC.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").  However, this is not an entity subject to suit under § 1983.  *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the

10

"State" and not a "person" within meaning of § 1983); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (providing that "a State is not a person within the meaning of § 1983").

The Court additionally notes that even though the state is not a person subject to liability under § 1983, the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908) allows a plaintiff to "bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) (citing *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)). "To determine if *Ex Parte Young* applies, [the Court] 'need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id*. (quoting *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 616 (6th Cir. 2003)) (citation modified).

But while Plaintiff seeks prospective relief in his complaint, the complaint does not plausibly allege an ongoing violation of federal law for the same reasons that the Court dismissed Plaintiff's claims against Defendants in their individual-capacities set forth above.

Accordingly, for the reasons set forth herein, this action will not proceed under the *Ex Parte Young* doctrine or otherwise against Defendants in their official capacities.

## III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff Montgomery's motion for leave to proceed *in forma pauperis* (Doc. 6) is **GRANTED**;

2. Plaintiff Montgomery is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff Montgomery's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

11

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Plaintiff Montgomery's motion to certify class and to appoint counsel (Doc. 2) and motion for injunctive relief (Doc. 3) are **DENIED**;

6. Even liberally construing the complaint in Plaintiff Montgomery's favor, it fails to state a claim upon which relief may be granted under § 1983;

7. Accordingly, this action will be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.  AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

12